UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

NAVRON PONDS,
            *Defendant-Appellant.*

No. 02-4312

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-101)

Submitted: November 22, 2002

Decided: December 16, 2002

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

John Kenneth Zwerling, Lisa B. Kemler, ZWERLING & KEMLER,
P.C., Alexandria, Virginia, for Appellant. Thomas M. DiBiagio,
United States Attorney, Sandra Wilkinson, Assistant United States
Attorney, Stuart A. Berman, Assistant United States Attorney, Green-
belt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Navron Ponds appeals his conviction for criminal contempt in violation of 18 U.S.C. § 401(1) (2000). The contempt charge arose from Ponds' failure to disclose ownership information about an automobile given to him as payment for representation of a defendant in a drug trafficking case. Absent Ponds' concealment of the ownership of the automobile, it might have been subject to forfeiture as proceeds of illegal activity, or it might have been used for restitution or a fine in the drug trafficking case. On appeal, Ponds contends that the district court erred in refusing to permit him to present testimony of his accountant; Ponds asserts this testimony would have rebutted the Government's evidence that Ponds was attempting to conceal his ownership of the vehicle. Ponds further contends this rebuttal testimony would have supported his assertions that he was not aware that the vehicle was proceeds from illegal activity.

This court reviews a district court's rulings admitting or excluding evidence for an abuse of discretion. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir.), *petition for cert. filed*, (U.S. Oct. 28, 2002) (Nos. 02-655, 02-7173). Ponds asserts that the proferred testimony was not hearsay, but was admissible as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B). For testimony to be admissible as a prior consistent statement, the declarant must testify at trial and be subject to cross-examination about the statement, and the statement must be "consistent with the declarant's testimony and [must be] offered to rebut an express or implied charge against the declarant of recent fabrication." Fed. R. Evid. 801(d)(1)(B). Although Ponds testified in his defense, he made no mention of the conversation with his accountant, nor did he otherwise testify that he intended to report the value of the vehicle on his tax returns for the years in question. We therefore conclude that the proferred testimony is not consistent with Ponds' in-court testimony.

In addition to the requirement that the proferred statement be consistent with in-court testimony, the Supreme Court has interpreted Rule 801(d)(1)(B) to require that the out-of-court statement have been made "before" the charged recent fabrication. *Tome v. United States*, 513 U.S. 150, 167 (1995). Although the accountant was uncertain of the date on which the discussion with Ponds occurred, the evidence indicates that it clearly must have occurred at some point after Ponds received title to the vehicle in question. Thus, any motive to fabricate the origin of the vehicle arose before Ponds' discussion with his accountant. Ponds' testimony supported this timing, as he admitted that he was aware that he could not receive proceeds from illegal activity as payment for legal representation, and his retainer agreement in the underlying criminal case contained language warning clients of that fact. Because the evidence indicated that the proferred statement was made after Ponds' motive to conceal the origin of the vehicle arose, we conclude that the district court did not abuse its discretion in ruling that the accountant's testimony relating the substance of the conversation with Ponds was inadmissible hearsay.

We also conclude that the evidence in question was properly excluded because it was not relevant. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. At trial, Ponds never denied that he received the vehicle in question as payment for representing a client, but contested whether he knew that the vehicle was forfeitable. Therefore, the proffered testimony of his accountant is not relevant to a fact in issue.

We affirm Ponds' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*